**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PHILIP NOEL CAIN,

                 Petitioner - Appellant,

   v.

STATE OF OREGON,

                 Respondent - Appellee.

No. 10-35366

D.C. No. 6:03-cv-00228-HO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted October 8, 2013
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

    Philip Noel Cain appeals from the district court's dismissal of his habeas

petition. The district court determined that despite the victim's unequivocal

recantation, Cain had failed to show the requisite actual innocence required by the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Supreme Court's opinion in *Schlup v. Delo*, 513 U.S. 298 (1995), to excuse the untimeliness of his habeas petition. We hold that the district court failed to apply the legal standard set forth in *Schlup,* and applying that standard, determine that Cain has made a sufficient showing of actual innocence to excuse the untimeliness of his habeas petition.[1] Accordingly, we vacate the district court's order and remand the case for consideration of Cain's habeas petition on its merits.

In *Schlup*, the Supreme Court established an exception to the timeliness requirement for habeas petitions holding that a petitioner could avoid the procedural bar if he showed "a constitutional violation has probably resulted in the conviction of one who is innocent." 513 U.S. at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). The Court explained: "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. The petitioner thus is required to make a stronger showing than that needed to establish prejudice." *Id*.

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

In *House v. Bell*, 547 U.S. 518 (2006), the Supreme Court offered further guidance on the actual innocence standard. First, while recognizing that the *Schlup* standard permits review in only extraordinary cases, it noted that:

> the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence. A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*Id*. at 538. Second, the Court noted that "[b]ecause a *Schlup* claim involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record." *Id.* Third, in response to the state's argument for deference to the district court's findings, the Court stated:

> Deference is given to a trial court's assessment of evidence presented to it in the first instance. Yet the *Schlup* inquiry, we repeat, requires a holistic judgment about all the evidence, and its likely effect on reasonable jurors applying the reasonable-doubt standard. As a general rule, the inquiry does not turn on discrete findings regarding disputed points of fact, and it is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses. Here, although the District Court attentively managed complex proceedings, carefully reviewed the extensive record, and drew certain conclusions about the evidence, the court did not clearly apply *Schlup*'s predictive standard regarding whether reasonable jurors would have reasonable doubt.

*Id*. at 539-40 (quotation marks and citations omitted).

3

We adhere to the spirit and holding of *Schlup*. *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc) (holding that "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits").

Here, the district court recognized that the victim's recantation if true would meet the *Schlup* gateway test. However, after holding an evidentiary hearing, the district court concluded that Cain had not made the requisite showing to pass through the gateway because despite the victim's "current lack of equivocation, the court finds her recantation now to lack credibility."

We review the district court's credibility determination pursuant to the two-step test set forth in *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). We first "determine de novo whether the trial court identified the correct legal rule to apply to the relief requested." *Id.* If the court applied the correct legal ruling we "determine whether the trial court's application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (quotation marks and citations omitted).

Applying the first step, we conclude that the district court failed to apply the correct legal rule. The court failed to make the "probabilistic determination about what reasonable, properly instructed jurors would do" as required by the Supreme Court. *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 329). Instead, it inappropriately made "an independent factual determination about what likely occurred." *Id*. As in *House*, the district court "did not clearly apply *Schlup*'s predictive standard regarding whether reasonable jurors would have reasonable doubt." *Id*. at 540. Accordingly, we vacate the district court's order denying Cain's habeas petition.

Reviewing the record, including the evidentiary hearing held by the district court, we conclude that Cain has made the requisite showing of actual innocence to pass through the *Schlup* gateway. In doing so we express no opinion about "what likely occurred" and remand the case to the district court to consider the merits of the habeas petition, such as they may be.

**VACATED and REMANDED. Costs should be taxed against the appellee. Fed R. P. 39 (a) (3).**